Azufrera Panamericana, S.A. *v.* United States

Court No. 74-5-01358

(Dated April 11, 1975)

*Williams, Connolly & Califano* (*J. Alan Galbraith* of counsel) for the plaintiff.
*Irving Jaffe,* Acting Assistant Attorney General (*Velta A. Melnbrencis,* trial attorney), for the defendant.

MALETZ, Judge: Plaintiff is a Mexican sulphur producer which exported sulphur to the United States on which a dumping duty was levied. Plaintiff filed four protests against these assessments. The protests were denied whereupon plaintiff filed a summons and complaint in this court to invalidate the assessments. Defendant now moves pursuant to rule 4.7(b) to dismiss the action on the ground, among others, that plaintiff lacks standing to sue. For the reasons that follow, the motion to dismiss is granted.

By way of introduction, it is to be noted that under 28 U.S.C. 1582 (1970)[1] this court lacks jurisdiction over a civil action unless a protest is first filed and denied by the appropriate customs officer. Further, it is clear from 28 U.S.C. 2631 that the time for commencing an action does not occur until after the filing and denial of such a protest.

With this as background, we turn now to 19 U.S.C. 1514 which to the extent relevant provides:

(a) * * *

* * * decisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, as to—

(1) the appraised value of merchandise;

(2) the classification and rate and amount of duties chargeable;

(3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;

(4) the exclusion of merchandise from entry or delivery under any provision of the customs laws;

(5) the liquidation or reliquidation of an entry, or any modification thereof;

(6) the refusal to pay a claim for drawback; and

(7) the refusal to reliquidate an entry under section 1520(c) of this title,

shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action conetsting the denial of a protest, in whole or in part, is commenced in the United States Customs Court in accordance with section 2632 of Title 28 within the time prescribed by section 2631 of this title. * * *

(b) * * *

(1) A protest of a decision under subsection (a) of this section shall be filed in writing with the appropriate customs officer * * * setting forth distinctly and specifically each decision described in subsection (a) of this section as to which protest is made; each category of merchandise affected by each such decision

---

[1] All references here and hereafter to the United States Code refer to the 1970 edition.

as to which protest is made; and the nature of each objection and reasons therefor. *Only one protest may be filed for each entry of merchandise*, except that where the entry covers merchandise of different categories, a separate protest may be filed for each category. * * * Except as otherwise provided in section 1557(b) of this title,[2] *protests may be filed by the importer, consignee, or any authorized agent of the person paying any charge or exaction, or filing any claim for drawback, or seeking entry or delivery, with respect to merchandise which is the subject of a decision in subsection (a) of this section.* [Emphasis added.]

Thus it is manifest that in a case involving the validity of a tariff levy, only the importer, consignee, or any authorized agent of the person paying the levy, may file a protest and upon its denial commence a civil action in this court. Moreover the protest must be filed by one of such authorized persons in order to invoke the court's jurisdiction under 28 U.S.C. 1582.

The same conditions and limitations are equally applicable to a levy of dumping duties as is evident from 19 U.S.C. 169, which states:

> For the purposes of sections 160 to 171 of this title [which relate to special dumping duties], the determination of the appropriate customs officer as to the foreign market value or the constructed value, as the case may be, the purchase price, and the exporter's sales price, and the action of such customs officer in assessing special dumping duty, shall have the same force and effect and be subject to the same right of protest, under the same conditions and subject to the same limitations; the United States Customs Court, and the Court of Customs and Patent Appeals shall have the same jurisdiction, powers, and duties in connection with such appeals and protests as in the case of protests relating to customs duties under existing law.

With these considerations in mind, we turn now to the official papers which show that the summons in this action contests the denial of Protest Nos. 1103–4–000002, 1103–4–000004, 1101–4–000044, and 1101–4–000046 covering Entry Nos. 062A, 066A, 003575, and 004007. Challenged in these protests were the legality of the Treasury Department's less than fair value determination; the legality of the Tariff Commission's injury determination; and the correctness of the Customs Service's computation of the dumping duty under the Antidumping Act of 1921. It is to be added that this challenge is more specifically set forth in an attached document which purports to be a joint protest by plaintiff-Azufrera Panamericana, S.A. and Pasco Terminals, Inc. According to this joint protest, Pasco Terminals paid the duty. The official papers further reveal that the merchandise was entered by Dunnington and Arnold of Philadelphia, Inc. as importer

---

[2] 19 U.S.C. 1557(b) relates to the rights of specified persons to withdraw merchandise from a warehouse and is therefore not relevant here.

of record (for the account of Pasco Terminals, Inc. in Entry Nos. 062A, 066A, and 004007, and E. I. duPont de Nemours in Entry No. 003575).[3] Thus, plaintiff is neither the importer nor the consignee of the merchandise at bar. Furthermore, plaintiff has not contended (nor is there any indication to that effect in the record) that it is an authorized agent of the person paying the duties here in question. Hence, plaintiff is clearly not one of the persons authorized to file a protest pursuant to 19 U.S.C. 1514. Accordingly, the protests filed on behalf of plaintiff, while denied by the Customs Service, were improperly filed and cannot form the basis of a civil action under 28 U.S.C. 1582.

Plaintiff, however, indicates that under 19 U.S.C. 1514(a)(4) in conjunction with 19 U.S.C. 1514(b)(1), a party seeking entry of merchandise into the United States is afforded the right to file a protest and a civil action in this court if its protest is denied. On this basis, plaintiff argues that it has standing because it is the party seeking entry to deliver sulphur into the United States pursuant to contracts between it and its customers. The difficulty with this contention is that the present action does not deal in any way with the exclusion of merchandise from entry; to the contrary, the importer of record, Dunnington and Arnold, not only sought, but, in fact, made entry.

Finally, as previously observed (note 3, *supra*) there is another action pending before this court which raises the identical issues with respect to the same entries.[4] In this circumstance, the prohibition in 19 U.S.C. 1514(b)(1) against the filing of more than one protest for each entry of merchandise is an additional reason for concluding that the protests involved in the present case have been improperly filed and cannot give rise to a second civil action directed against the same entries.

For the foregoing reasons, defendant's motion to dismiss is granted and the action is hereby dismissed.

---

[3] There is also pending before this court *Pasco Terminals, Inc.* v. *United States*, Court No. 74-5-01357, filed by the same counsel who represent plaintiff here, contesting the denial of Protest Nos. 1103-4-000001, 1103-4-000003, 1101-4-000043, and 1101-4-000045, which protests are directed against the *same* entries as are involved here.

[4] Each of the entries covers the same merchandise, i.e., sulphur.